Turley, J.
delivered the opinion of the court.
This is a suit brought before a justice of the peace by Willie Winfield, a free negro, against the corporation of Memphis, to recover back ten dollars paid by him to the corporation by duress and false imprisonment, under an illegal order by the corporation.
It appears by the case agreed, that on the 18th of March, 1839, the corporation of Memphis passed an ordinance in the words following: “Be it enacted, that it shall be, the duty of the watchmen to arrest any free negro or slave that he or they may find out after ten o’clock, and lodge them in the calaboose, there to remain till next morning, unless they have a special pass from their master or mistress, if they be slaves, at which time he, she, or they, if they be slaves, shall receive ten lashes on "their naked backs, and a fine of two dollars be imposed on the owner of such slave. If a free person of color, he, she, or they shall be fined the sum of ten dollars, for the use of the corporation.”
*709 The plaintiff, .a resident of the city of Memphis, was quietly, and peaceably going along the streets of Memphis in return from his ordinary employment, when he was arrested by a watchman of the city, under this ordinance, imprisoned for the night, and in the, morning forced to pay ten dollars for the use of the corporation.
This new curfew law of the corporation of Memphis cannot, in our opinion, be enforced against free persons of color, for we think it is high handed and oppressive, and enacted by the corporation without any authority — it is an attempt to impair the liberty of a free person unnecessarily, to restrain him from the exercise of his lawful pursuits, and to make an innocent act a crime, and to exact a penalty therefor both by fine and imprisonment, without trial before any tribunal.
Had it been attempted to enforce such an ordinance against a free white person, public indignation would have been aroused, and the corporation would not only have been sued to recover back the fine, but also for false imprisonment. A free negro is not, it is true, a citizen of full privileges in our state, but still he is a free person, and cannot be punished in this summary mode both in his person, and his purse, for an act innocent in itself, and which is made malum prohibitum by the corporation of Memphis. The lot of a free negro is hard enough at the best, resulting from necessity arising out of the relation in which he stands to his brethren who are in servitude, and it is both cruel and useless to add to his troubles by unnecessary and painful restraints in the use of such liberty as is allowed him. He must live, and in order to do so, he must work. Every one knows that in cities, very often, the most profitable employment is to be found in the night, loading and unloading steamboats and other craft, waiting about hotels, theatres, places of amusement, both public and private, wood cutting, fire making, shoe and boot cleaning, not to mention *710 .the various handicraft employments, such as that of the barber, &c. All these things are sources, in large cities, of much profit to the free man of color, and you necessarily deprive him of them entirely, if you compel him, like a wild beast, to hide his head in his den from ten o’clock till daylight, under the penalty of being pursued by watchmen and constables for the purpose of being imprisoned and fined as if he had been committing a crime against society — why, under this ordinance, he would be endangered if after ten o’clock ,he were found in the street in pursuit of a doctor to attend upon a dying member of his family.
We think this ordinance is both unnecessary and oppressive, and enacted without authority, and affirm the judgment of the criminal and commercial court of Memphis, declaring it void.